**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

HARRY FORD,

    Plaintiff,

v.                                                                   No. CIV-05-0976 MV/LCS

STATE OF NEW MEXICO,
JUDGE: THOMAS HYNES,
ATTORNEY: BRAD DALLEY,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons stated below, the court will dismiss the complaint.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Garcia's pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

    The complaint names the State of New Mexico, a state court judge, and a private attorney as defendants. Plaintiff alleges that his state court conviction and sentence violate certain

constitutional protections. He also alleges that his attorney, Defendant Dalley, failed to investigate the case against Plaintiff or to file an appeal. Plaintiff seeks damages and equitable relief in the form of removal of a felony from his record.

The relief that Plaintiff seeks is not available. First, the state may not be sued for damages in this Court. "[N]either [state not its agencies] are 'persons' within the reach of § 1983. In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' " *Prokop v. Colorado*, No. 01-1415, 2002 WL 188962, at \*\*1 (10th Cir. Feb. 7, 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997). Furthermore, the Court may not vacate a conviction or expunge a criminal record except in proceedings under the habeas corpus statutes. "Section 1983 authorizes a 'suit in equity, . . .' Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, . . . where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983." *Nelson v. Campbell*, 541 U.S. 637, ---, 124 S.Ct. 2117, 2122 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Plaintiff's claim for removal of a felony from his record will be dismissed without prejudice his right to pursue habeas corpus relief.

Secondly, Plaintiff's allegations against Judge Hynes do not support a claim for relief. "It is well-settled that judges have absolute immunity from liability for damages for acts committed within the apparent scope of their judicial duties." *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978) (additional citations omitted)). A judge has absolute immunity even if he or she does not have jurisdiction over a particular cause, so long as the actions are in the judge's judicial capacity. *Stump*, 435 U.S. at 356-

57. Plaintiff's claim for damages against Defendant Hynes will therefore be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(1).

Plaintiff also alleges that his attorney provided ineffective assistance in the state court criminal proceeding. A complaint under 42 U.S.C. § 1983 must contain factual allegations demonstrating the two elements of the statute: that a federal right was violated and that the deprivation was caused by a person acting under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). In the absence of a factual basis for either element a complaint does not state a claim under § 1983. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 316 (1981) (noting that a plaintiff must allege violation was committed by person acting under color of state law). A private person does not act under color of state law for purposes of section 1983. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The general rule is that an attorney, by virtue of being an officer of the court, is not a state actor and so cannot be sued under § 1983 for actions taken in the course of representing a client. *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264, 266 (10th Cir. 1994); *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983). Plaintiff's allegations do not support claims under § 1983.

IT IS THEREFORE ORDERED that Plaintiff's claims against the named Defendants are DISMISSED with prejudice; the complaint is DISMISSED without prejudice to Plaintiff's right to assert his claims against appropriate parties if his conviction is overturned; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), judgment will be entered.

<u>Electronically signed</u>
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE